231018 Boeing Company v. United States Mr. McKayla Thank you, Your Honors, and may it please the Court, This Court should reverse the Court of Federal Claims' decision that it lacked jurisdiction or authority to decide this case and remain with instructions either to hold proceedings consistent with this Court's decision or to enter summary judgment for Boeing on the merits. On jurisdiction, the Court of Federal Claims reversibly erred in two ways. First, Boeing and the government agree that Contract Disputes Act jurisdiction obtains here you can see on page 14 of their brief where they say, in our view, the trial court had jurisdiction, and Boeing and the government are correct. The Contract Disputes Act amended the Tucker Act in section 1491A2 to confer jurisdiction to resolve all claims that, quote, relate to a contract. Is there any difference between your claim under the CDA and as styled as an illegal exaction? The only distinction, Your Honor, is no, the short answer is no, we're going after a violation. What I'm asking is, if we decide that there's jurisdiction over the CDA claim, can we not reach the illegal exaction claim because it seems kind of fuzzy? I think that that would in fact be the case, and the reason it would be the case is that the illegal exaction claim is premised on a violation of the Cass statute, that the government had extracted Boeing's money in violation of the Cass statute, and we would only need to get there, Your Honor, if this Court held that the Contract Disputes Act and Tucker Act do not confer jurisdiction because this is really an APA action that should be in the district court. Because of the legal arguments in the scope of relief you're seeking under either illegal exaction or a CDA claim are the same? That's correct, Your Honor. The government, and so jurisdiction here obtains under 1491A2 as long as the jurisdiction is to resolve all claims that relate to a contract, and here the government has asserted a claim against Boeing, a contracting officer's final decision for a contract price adjustment of more than a million dollars, which the government has calculated as increased costs to government contracts in accordance with FAR Part 30.6, and the contracting officer's final decision actually stated as the CDA mandates that it was appealable to the Court of Federal Claims. The Cass statute, for its part here, states that any dispute over a contract price adjustment under the Cass statute, quote, will constitute a dispute under the Contract Disputes Act, that's Section 1503A, and is not subject to the judicial review provisions of the APA, that's Section 1502G, Gulf. Boeing also filed its own affirmative claim, which was also denied, and ultimately, Boeing timely appealed, or timely filed this action in the Court of Federal Claims, challenging both of the contracting officer's final decisions, both the affirmative claim by the government against Boeing and the rejection of Boeing's claim against the government. And because Boeing and the government have satisfied all of the CDA procedural prerequisites, the Court of Federal Claims has jurisdiction over all of the contract claims, counts one through three. Can I ask you a question? I was left a little bit unclear from the government's brief, in particular, whether it wants us to go ahead and decide the merits of the Cass argument as an alternative ground if we decide there's jurisdiction. What's your view on that? My view, as you saw in our brief, and frankly, our view has changed a little bit, and I can explain why, but our view is we are very sensitive to the fact that this is a court of review. We have never had, the case was filed nearly seven years ago, this is the second time before this court, without a merits decision, and we're very sensitive to the fact that there is no merits decision for this court to review. Nonetheless, I think where things stand right now, we would just as soon have this court review the merits of the decision, and the reason is, this is the second time before the court, and in addition, what has happened since we filed, or what has happened since the decision was issued by the Court of Federal Claims is, the presiding judge of the Court of Federal Claims in this case has retired, so if this gets remanded back, we will have to actually brief and get up to speed an entirely new judge. The Court of Federal Claims review of the contracting officer's final decision below is de novo, and whatever decision the court, the trial, It's pretty much a legal issue, isn't it? Exactly. The regulation is consistent with the statute or not? That's exactly, and we don't think that, we think that it can be one of two things. Either, is the contracting officer's final decision itself violative of the CAST statute, or to the extent that the government relies on FAR 30.606, which it's waffled on, whether that FAR 30.606 violates the CAST statute, or otherwise was infirmed for procedural reasons. Right, and that last point about the procedural infirmity would be the only difference between the two different characterizations, whether it's the That's fair. Is that right, the contracting officer's decision and the regulation? I think that's precisely right. And do you think that there's anything, I don't know, that, what would you expect to be done on the merits that has not already been presented to us? And I answer that as an open-ended question. I think that what has been presented to you, of course, in our opening brief, we stuck solely and exclusively to jurisdiction, and did not address the merits, very sensitive to the fact that this is a court of review. But when the government really pressed the merits issues in its brief that it filed here, we responded accordingly in our reply brief. And I think, to answer your question, I think everything that the court needs to know has been briefed, is contained in the government's brief and our reply brief on the merits. So we think that the court has before it the arguments and the authorities that it needs to in order to render judgment. So if I'm remembering right, correct me if I'm wrong, that the sort of most important word in the statute that you're relying on is this word aggregate, right? I wouldn't say it's the most important term. But it's a key term. I guess I'm not sure I understand entirely what the range, considering all the statutory context and regulatory context and practices of multi-contract government contractors, what the range of possibilities are for what you are aggregating. Whether it is aggregating effects within a single contract, aggregating effects across many contracts of a single change in cost accounting, whether it is aggregating the multiple cost accounting changes that the contractor implements at a given time. It's not clear to me what the relevant real world and legal world facts are that bear on that, which seems like it might have something to do with how to interpret the Cass statute. I understand the concern. The way that it works and what the Cass statute permits is for the government to either, the government has to determine whether or not there has been payment in the aggregate of increased cost. So back to key language, payment is a key term. We're talking about payment by the government of increased cost as a result of the cost accounting changes. Now, there is great flexibility in the Cass statute to permit a, to permit the government to either implement whatever the increased costs are, and that's the only instance in which there would be a contract price adjustment. The government is permitted to exercise that authority, that finding, either across a number of contracts. It can just take one contract and say, you know what, we're going to exercise and implement the increased cost contract price adjustment on that one contract. Can I ask you just a following up? Yes. Is that really your position that you have a claim regardless of how that aggregation is done? Oh, absolutely, because at the end of the day, there, and what's important, if this court is going to review the merits, what's important to understand is that, is that, sorry Jud Stoll, would you mind repeating your question just one time? I'm sorry. My question was, because I think you were saying, and I'm sorry because I interrupted you, but I think you were saying that the government has great flexibility in how it aggregates. Yes. In response to Judge Toronto's point about, is it across a contract, is it across different categories and different contracts, and I think you were saying there's great flexibility, but regardless, this is my question, is your point that regardless of how it's aggregated, you, your client, still has a claim? We have a claim because the government has conceded that the aggregate, the aggregate cost result is there is $1.5 million in decreased costs. If you look, for example, at the appendix page. I'm sorry, just to be clear, that's the set of eight changes implemented in January 2011 across some range of contracts that you're allocating, you know, common costs? Yes. In this instance, we're talking about the government implementing its contract price adjustment on a single contract. The government, there is no dispute that the change in the cost accounting practices yield an overall decrease in an aggregate number of $1.5 million. That figure is comprised, there are four, there are eight changed practices. Four of the changed practices are, quote, immaterial in the words of the, of the cost accounting standards. They don't, they don't. The total value is too small to tell. Yeah, there's nothing. Yeah. There are two cost decreasing impacts, and they are worth. In the particular contract. Yes. On, and they are worth $2.5 million in decreased costs, and then there are two cost increasing impacts that are worth $1 million for a net aggregate total of decreased costs of $1.5 million, and that's what's so important here. At the end of the day, when you look at Section 1503B, which is what this court has said, you know, an anti-windfall provision, when you look at that, what the government is getting, they are getting the aggregate benefit of the $1.5 million in savings, and then they are turning around and going after the exact same $1 million in increased costs in this contract price adjustment. This is a double recovery that is barred by 1503B. And, so. I mean, if your interpretation is correct. If my interpretation, if Owen's interpretation is correct. Yeah, your government has a different interpretation. I mean, I think this is not as easy as it may seem at first glance, because, and I honestly, I admit, I do not focus in on the merits very much, because this was presented to you, by you at least, in your blue brick as a jurisdictional case. Yes, Your Honor. A very strong jurisdictional case. But, I thought, isn't there a provision that allows the government to designate certain changes as desirable that would give you money? The government has certainly made its argument about desirable, about the desirable change doctrine. This is a complete and utter red herring. The desirable change doctrine applies only when a contractor's change in its cost accounting practices results in increased costs to the government. And, in that instance, if there are increased costs to the government, the desirable change doctrine allows the contracting officer to, nonetheless, decide that the changes are desirable and, as a result, forfeit their right to a contract price adjustment. Here, it simply doesn't apply, because the change to the eight practices that were made here did not result in aggregate increased costs. We and the government agree that if you met them all out, it is a $1.5 million decrease. It's a very, very facially appealing argument. But, the CAST statutes, I mean, you do this, they're incredibly complicated. And, the regulations are incredibly complicated. And, the government's brief on this point, on the merits, was very confusing to me. Because, a lot of it was about how this regulation wasn't for your benefit at all, which they're going to get asked about. Because, I don't understand that argument in any way. Because, clearly, a regulation that dictates how you allocate costs affects the contractor's rights under the CAST standards. But, I just, I'm concerned about being asked to decide this on the merits without a decision to review a more fulsome briefing from the parties. I mean, I guess we could dive back. This was probably fully briefed before Judge Campbell-Smith. But... Yeah, I... Judge Hughes, I completely understand the reticence. It is the reason why we did not push in our opening brief anything related to the merits. I mean, presumably, the government's depending on the merits. Because, they know they have a loser in jurisdiction. And, they kind of conceded that. And, they just want to try to get the judgment affirmed. Because, that's what they have to do. Well, we do... Boeing does believe that this court has all of the relevant arguments that truly are relevant to this individual dispute. I understand the reticence about making sure you understand the full panoply of consequences to the decision. And, it certainly would not... It would not trouble Boeing if this court simply were to remand back to the Court of Federal Claims. We're going to have to start over, of course. And, we're, you know, we're almost seven years down the road from the filing of our complaint. And, we still have no merits. Maybe they'll win, and they won't appeal. And, then we don't have to appeal. Dare to dream, Judge. Dare to dream. Why don't we hear from the government now? Yes, Your Honor. Your rebuttal time will be restored. Thank you. Mr. Rowe. May it please the Court. In this Contract Disputes Act case, Boeing seeks to invalidate a provision of a regulation. But, it cannot explain how the validity of that regulation is determinative of its contract rights. The regulation at issue provides internal government direction to the government's contracting officers. Whether Boeing has a right... What does it tell the contracting officer to do? It tells the contracting officers not to combine, as pertinent here, combine the effects of unilateral... How can that possibly not affect Boeing's rights? It's setting out a way to implement that aggregation statute. If it was implemented in a different way, the way Boeing suggests that the statute requires, and I know you dispute that, but if the statute means what Boeing says it means, and you pay based upon a regulation in conflict with that statute, then they have a claim under the CDA, don't they? We think they do have a claim under the CDA. I'm baffled why you think this regulation is irrelevant, because the regulation tells contracting officers how to pay on these changes, right? It tells them how to do the aggregation, and that ultimately affects the bottom line for Boeing. Isn't that right? That's true. So, if the regulation is inconsistent with the statute, why doesn't Boeing get to argue that and say, if you follow the statute and not this regulation that's invalid, we get more money? Well, that's right. If the regulation is inconsistent with the statute, you get to the question, why does the regulation matter? It's the statute. If it's true that under the statute it has this right... That's what happens when you have inconsistent regulations and statutes all the time. You look at the regulation, which you presumably properly promulgated. I don't want to get into whether there are procedural problems. Let's just assume you did. In any case where there's a regulation and statute that are in conflict, you look at it, and if you say the regulation is inconsistent, then it's invalid. Follow the statute. That's all they're asking here. Why can't we do that? Right. And so, we have a different view, and, of course, the travel board does too. Of the merits, right? But as a procedure, why can't we do that? As a procedural issue, why can't you say if the regulation... If the regulation is invalid, because it conflicts with the plain language of the statute. And so our view on that is, well, what's the need to do that? What's the need to couch it as a... Because you have a regulation on the books that's flatly inconsistent. Let's just assume the regulation... We've decided the regulation is inconsistent with the plain language of the statute. What else would we do but say the regulation is invalid, because it's inconsistent with the plain language. Therefore, the CAS board had no authority to promulgate it. So our view is the instructions to the contracting officers would follow the law, not the other way around. In other words, if the court were to decide... Let me ask you this. Hypothetically, let's just get beyond the CAS, because it's a little weird with the CAS. If the secretary of the B.A. promulgates a regulation that says, in this instance, you get benefits for this period of time, it's flatly inconsistent with the statute that gives benefits for a longer period of time. That case comes up to us, and when you look at it, we're not going to just say, well, you follow the statute, not the regulation. We're going to say the regulation is invalid, because it's inconsistent with the plain language of the statute, right? I would agree that regulation is different than the one you just described. And the difference is, you said that regulation says you get benefits. This regulation says our government contracting officer shall do this and that. But it's still the same thing. It's telling the contracting officer, this is how much money you should award in this situation. It doesn't say that, actually, Your Honor. There's different regulations, both in... What does this one say? It says don't aggregate the way Boeing wants to aggregate, right? Yes. Why is that not telling them how to reach... I don't know why you're fighting this, frankly. This makes no sense to me. I know you have a bad decision from the claims court on jurisdiction that you're trying to get upheld. But the fact that you're saying this regulation somehow doesn't dictate the award of cost is just flatly inconsistent with what you said the regulation does, which is it directs contracting officers not to offset these change orders that both benefit the government and benefit the contractor. Isn't that what it does? And that's money. That's all we're talking about is money. In limited circumstances where the government doesn't find it to be desirable. So you'll note that in those instructions, it doesn't say anything about combining desirable. I know, but that's the merits. And I think that merits argument is much harder here about whether these two are inconsistent or not. You certainly didn't convince me in your brief that they're not inconsistent, but there's a lot going on here. But I don't understand why you're fighting the notion that we can review this regulation in the context of determining whether their payments were correct. Well, I think the part that's been quite awkward for the trial court and in our view is misguided in this case, is that Boeing has said, we have this contract claim and the basis for our contract claim is your instruction to your contracting officers is invalidly promulgated. And I'm sorry, invalidly promulgated and contrary to the statute. Right, that's one of the reasons they say it's invalid. But I think as I was discussing briefly with Mr. McCaleb, when the contracting officer said, I will not combine these things, part of their argument is that decision is contrary to the CAST statute. A way of making the argument that doesn't even require reference to the regulation, but that also can, in the alternative, be made as a challenge to the regulation that the contracting officer said was being followed in making that decision. Right, we wouldn't dispute at all the jurisdiction of the court to say, do they have a right under the CAST statute to combine things as they want to here? Do they have a right? Or are they rather not have a right and have to negotiate like contracting partners do with the government? So what happens then? If you agree that the Court of Federal Claims has jurisdiction to determine whether the CAST statute requires the aggregation they're arguing for, or the aggregation, non-aggregation I guess you're arguing for, if they can decide that and they decide that Bowen's view is correct, then this regulation is inconsistent with it, isn't it? True. Then it's invalid. True. What makes the difference about whether the court can say it's invalid or not invalid? Well, it's just a question of if there's some regulation on the books and it's not consistent with law, well, it can't be followed. The government should take it out of the books. But does the argument that it's not valid mean that you're in favor of it? This is basic administrative law. If in the context of a case the court finds that a regulation is inconsistent with the statute, it strikes down the regulation. Sure. But generally in all those cases we're talking about regulations that, like the example you gave. What about Texas Health? Right. That regulation purported to say what the entitlement is. Okay. Let's stop. I'm not buying this argument that this regulation doesn't purport to say something that it's only a direction. Let's just assume that it actually is an interpretation of the statute that discusses how to aggregate. I wouldn't have a distinction. If that's the case, then Texas Health controls and we can review this, right? I would agree with that. Okay. Can you talk a little bit about whether we should hear right now decide the merits of the question or which, to my mind, turns on what has already been fleshed out in briefing, what has not yet, either briefing here or briefing in the claims court, what a full analysis of the merits issue would look like. Because if we have it already, it's not clear what the reason for delay is. On the other hand, we don't actually have a claims court decision addressing the merits. So can you talk about that? Right. I mean, I think it's up to this court. From our perspective, like Boeing's perspective as stated today, we would be fine with the court resolving the issue if it reaches it, the issue of whether the statute gives Boeing the right to do as it wants or not. So what would it look like if there was more on the merits? Would there be more pages? There wouldn't be more in this case. There wouldn't be facts, more facts, because the parties in this case have agreed. So you're comfortable with what your red brief sets out on the merits? Yes. Okay. I should know this, but were the merits briefed on a 12B6 motion or a summary judgment motion or something in the claims court? It was summary judgment. And that was briefed as the trial court interpreted it. And our view of it is similar, that Boeing said the regulation is invalid. One of the reasons is that it conflicts with the statute in Boeing's argument and then their procedural arguments, notice and comment. Are there cross motions for summary judgment on this? Yes. And did either side say in response to the other's motion for summary judgment, there are genuine issues of material fact? Or did everybody agree this is right for summary judgment, but the only dispute is which one of us should get it? Right. No one said any factual dispute ever in this case. There's been no discovery. And that's because Boeing's approach to the case is that it believes under the law, it's entitled to, as a blanket rule, that it can combine, if it implements them on the same day, and there's no desirability determination from the government, that it has a right under law, regardless of factual circumstances, to combine the effects of those changes. Our view is, no, it doesn't. The statute, Congress didn't give them that right in the statute. There is nothing that gives them that right. They have to do as contracting parties do. And if they want to change the deal, which is exactly what this is, because each contract says you will follow your existing practices, if you want to change the deal, you've got to go to the other side and negotiate an agreement. And there's not some basis to compel them to agree to your preferred combination of things. I don't disagree. Can I just ask you, because you said you were happy with the red brief, is what we're talking about, the merits of this, apart from your argument about the regulation doesn't matter, is it just the stuff at page 33 to 35? Let me go to those pages just a moment, Your Honor. If you're talking about just the question of the statutory interpretation, I'm assuming that's correct. I mean, it seems your argument is basically that their view of aggregate is wrong, and aggregate plainly means something else. But you don't really even cite anything for that. Right. On the statute, those are the pages. We have a block quoted on the prior page. I mean, their argument is not some long treatise with cases on what that statutory language means. I don't think there really are cases on that. Their argument is... I would have thought that there would have been a more comprehensive discussion of not just this one specific provision, but how it works in the entirety of the CAS scheme and statute and regulations. And I don't disagree with your point about the complexity, and that the Court may not feel that it has all the information, and that certainly if this was before the trial... You just told me that you were happiest deciding it based upon those three pages. I mean, if you are, you can take your chances. I mean, aggregate doesn't seem to mean what you say it means. You didn't cite anything for that. But one of the arguments we make is that even if the Court decides that this just wasn't considered, that Congress didn't address this question of whether you can aggregate across contracts or also across simultaneous changes, suppose the statute just doesn't say. That doesn't mean that Boeing wins. What it means is we go back to the situation we started in when two parties entered into a contract, and one of them now wants to change the deal. That doesn't mean that one party has to accept what the other party wants to do. I am completely lost now, because if the language in the statute, if aggregate is not plain, then why aren't you making an argument that the regulation is a valid interpretation and you get deference to that? We think aggregate is plain, because if you look at the context right there, it's an unvalid contract. But you just said that they're relying on a plain language determination. I mean, are you not going to make a deference argument? Are you willing to concede that? We're not making a deference argument. So all it is, is do we agree that what they said aggregate means versus you? If the Court decides that it's addressed in the statute. And that's right. If the Court reads this, we read it and say, I'm willing to concede. That's all we have. We're not going any further. We're not talking about contract interpretation now. We're talking about statutory interpretation. And if we're going to do statutory interpretation and do plain language, I guess if you want to roll the dice on two and a half pages in a brief, where the merits wasn't even at issue in the blue brief, we'll probably do it. So what you're saying, just to make sure I understand. So if we were to decide the merits and decide it in favor of Boeing, you think there's still more work to be done in the Court of Federal Claims? What is your argument? No, if the Court looks at the statute and one says that argument was preserved here, we have a point in that in our brief, but it says it was preserved and aggregate means what Boeing says it means. The case is over. It resolves it. And if the Court reads the statute and is comfortable doing it. Do you have a position on whether the regulation is inconsistent with the statute or not? Do you think the regulation... No, it is consistent with the statute. Do you think the regulation is a valid interpretation of the statute? Yes. But yet you're not willing to make a Chevron argument? We haven't and don't. Thank you. Mr. McCaleb? Your Honor, I have no rebuttal. Can you? I do have a question. Sure. What about the point that Mr. Volk made about how... I probably will summarize this incorrectly. Even if the statute means something like what you say, you're changing the contract and you have to get an agreement to change the contract. Something, he said, two different times along those lines. Maybe without that even if clause. Happy to address that. Part of the bargain when the government has entered this contract, because that's what the government talks about, what the essence of the bargain is. Part of the bargain was the inclusion of FAR 52.230-2. And that's 2A2 completely allows... It allows a contractor to change its cost accounting practices. That is what they're allowed to do. And it is not as if the government here has suggested that Boeing's changed practices now somehow don't comply with the cost accounting standards. In fact, they say the exact opposite. In their contracting officer's final decision at page two, they say, which is at page 59 of the appendix, the government agrees that Boeing's changed practices comply with the cost accounting standards. And did the government make an argument below in the merits portion of the summary judgment briefing that some contracting officer agreement would be necessary even for a CAS statute compliant accounting change in order for the government to be bound by the new accounting practices? No. The way that it happens is that the contractor gives the government notice that it's going to change its cost accounting practices. The government then looks at the proposed change practices and decides whether they are compliant or not. If they're not compliant, then they're not going to go into effect. If they are compliant, then the question becomes, what is the cost impact? And that's when you get to the issue that we are faced with today. Determining what the cost price adjustment is if there are aggregate increased costs. And there's no further choice for the contracting officer to make about whether to accept the... No. No, no, no. And that gets back to the desirable change doctrine, which only applies if there are increased costs in the aggregate as a result of the change practices. Thank you. Thanks to both parties. Case is submitted.